**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| FEDERICO J. GUERRA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-04-409 |
| MASTER KEN, INC., | § | |
| Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This Jones Act case arises out of injuries sustained by Plaintiff Federico J. Guerra ("Plaintiff") while working aboard a shrimp boat docked in Palacios. Now before the Court comes the Motion for Summary Judgment by Master Ken, Inc. ("Defendant"). For the reasons stated below, the Motion is hereby **DENIED**.

### I.    Background

In May 2004, Plaintiff was employed as an acknowledged member of the crew on the F/V CAPT. ANTHONY, a shrimp boat owned by Captain Anthony, Inc. (Guerra Dep. at 61.) For the 20 days preceding the accident, the CAPT. ANTHONY had been at the dock in Palacios, and Plaintiff's work involved repairing nets and traps. (Guerra Dep. at 67.) On May 17, 2004, another shrimp boat, the F/V MASTER KEN, docked next to the CAPT. ANTHONY. Defendant owns the MASTER KEN. The captain of the MASTER KEN, Don Alfonso, asked Mariano Gonzales, the captain of the CAPT. ANTHONY, for help unloading the catch, and Gonzales sent Plaintiff to help. (Guerra Dep. at 68-69.) Plaintiff received no instructions from Alfonso, but the Alfonso was aware of his activities. (Guerra Dep. at 70-71, 73.) Plaintiff slipped on ice in the freezer and fell. (Guerra Dep. at 81.)

Kenneth Garcia is the president of both the Defendant corporation and Capt. Anthony, Inc. The dock in Palacios is owned by Edward Garcia, and just before his employment on the CAPT. ANTHONY in May 2004, Plaintiff had been out shrimping on a vessel owned by Joe Garcia. (Guerra Dep. at 61-63.) All of the Garcias are members of the same family, each working in close concert with the others.

Defendant moves for summary judgment on all Plaintiff's claims, arguing that Plaintiff is not a Jones Act seaman and that Defendant did not employ Plaintiff.

## II.     Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When the issue is seaman status, summary judgment is usually inappropriate unless "the facts and the law will reasonably support only one conclusion." *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356, 111 S. Ct. 807, 818, 112 L. Ed. 2d 866 (1991).

-2-

### III.     Analysis

The Jones Act provides a federal right of action for damages to seamen injured in the course of their employment. *See* 46 U.S.C. app. 688.  The Supreme Court has identified "two basic elements" of seaman status: "The worker's duties must contribute to the function of the vessel or to the accomplishment of its mission, and the worker must have a connection to a vessel in navigation (or an identifiable fleet of vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 376, 115 S. Ct. 2172, 2194, 132 L. Ed. 2d 314 (1995).

Plaintiff's work on the CAPT. ANTHONY clearly contributed to the function of that vessel. Repairing nets and traps in preparation for a voyage is traditional seaman's work.  *See Offshore Co. v. Robison*, 266 F.2d 769, 779 (5th Cir. 1959) (holding that seamen's work includes "maintenance during . . . anchorage for [the vessel's] future trips"); *see also Chandris*, 515 U.S. at 374, 115 S. Ct. 2193 (finding that a vessel undergoing minor repairs, rather than a major overhaul, is still in navigation).  While the CAPT. ANTHONY remained at the dock during Plaintiff's May 2004 association with that vessel, Plaintiff had previously worked aboard the CAPT. ANTHONY while it was at sea on his 10-15 other trips on that vessel.  Additionally,  Plaintiff had just completed a 40-day voyage on another Garcia vessel.  Therefore, Plaintiff's work manifestly contributed to the function of these vessels in navigation, and he had a connection to these vessels of substantial duration.

The question of his status as a Jones Act seaman then turns on whether these vessels constituted an "identifiable fleet."  The Fifth Circuit has defined "fleet" as "an identifiable group of vessels acting together or under one control," *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067, 1074 (5th Cir. 1986), or "a group of vessels acting together under common ownership or control."  *St. Romain v. Indus. Fabrication & Repair Serv., Inc.*, 203 F.3d 376, 379 (5th Cir. 2000); *see also Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 557, 117 S. Ct. 1535, 1541, 137 L. Ed. 2d 800 (1997).  Plaintiff argues that while the vessels are each owned by separate corporate entities, they are all under the control and

ownership of the Garcia family and therefore constitute a clearly identifiable fleet of vessels.  The Court agrees.  The Court is persuaded by the following facts:  1) the companies share officers and directors; 2) the vessels return to a common port facility; 3) the catch is sold under one banner; and 4) the captains could assign their crew to perform work on the other vessels.  (Guerra Dep. at 61-62, 93-95.)  Plaintiff's work on the CAPT. ANTHONY and the MASTER KEN, his recent trip on another Garcia-owned vessel, his 10-15 other trips on the CAPT. ANTHONY, and his testimony that he has worked almost exclusively on boats owned by the Garcias for the past 20 years present overwhelming evidence in favor of Plaintiff on the issue of whether he was connected to a fleet of vessels in navigation for a substantial period of time.  (Guerra Dep. at 38-40, 62-63, 66.)  Indeed, any contention to the contrary appears on this record to border on frivolous.

Defendant also argues that it is not required to pay Plaintiff maintenance and cure because it did not employ Plaintiff.  Maintenance and cure is "annexed to the employment" of the seaman.  *Cortes v. Baltimore Insular Line, Inc.*, 287 U.S. 367, 371, 53 S. Ct. 173, 174, 77 L. Ed. 368 (1932); *see also Fink v. Shepard S.S. Co.*, 337 U.S. 810, 815, 69 S. Ct. 1330, 1333, 93 L. Ed. 1709 (1949).  "[L]iability for  . . .  maintenance and cure depends upon the same relationship that is required to support an action for negligent injury."  *Fink*, 337 U.S. at 815, 68 S. Ct. at 1333; *Hall v. Diamond M Co.*, 732 F.2d 1246, 1248 (5th Cir. 1984).  Plaintiff has shown compelling evidence as to the common ownership and control of the vessels on which he worked.  This gives him the proper basis to proceed on his Jones Act claim for negligence and on his general maritime claim for unseaworthiness against Defendant and therefore also the standing to proceed on a claim for maintenance and cure.

Concurrently, while the Court finds that on the facts of this case Plaintiff has presented more than sufficient evidence to raise a genuine question of material fact as to his status as a Jones Act seaman, Plaintiff could also state a prima facie case as a longshoreman.  And as Plaintiff may have difficulty in establishing liability under the Jones Act, Plaintiff may benefit more from the

-4-

compensation scheme of the Longshore and Harbor Workers' Compensation Act, §§ 33 U.S.C. 901-950, than from the maintenance and cure to which he would be entitled as a seaman.  Plaintiff has already received the Court's permission to amend his Complaint to state an alternative claim as a longshoreman.

## IV.   Conclusion

Viewing the facts in the light most favorable to Plaintiff and keeping in mind that even marginal Jones Act cases should proceed to trial where facts are in genuine dispute, the Court finds that Plaintiff has clearly raised a genuine issue of material fact as to his status as a seaman.  For the reasons stated above, Defendant's Motion for Summary Judgment is hereby respectfully **DENIED**.  However, all of the foregoing addresses standing and *not* an analysis of actual liability.  Plaintiff, on the facts thus far presented, would appear to have an uphill battle and may want to consider either settlement or compensation in lieu of allowing the expense of further prosecution of these claims to get out of hand. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 10th day of May, 2005, at Galveston, Texas.

Samuel B. Kent
United States District Judge